THOMAS WILLIAM SMITH, Plaintiff-Appellant, v. THE COOK COUNTY PROBATION DEPARTMENT *et al.*, Defendants-Appellees.

First District (1st Division)   No. 85—1278

Opinion filed December 29, 1986.

Thomas W. Smith, of Menard, for appellant, *pro se.*

Richard M. Daley, State's Attorney, of Chicago (Henry A. Hauser, Susan Condon, and Sean P. Fitzgerald, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

*Pro se* plaintiff, Thomas Smith,[1] appeals from the dismissal of his petition for disclosure of his probation records, filed pursuant to the Freedom of Information Act (FOIA) (Ill. Rev. Stat. 1985, ch. 116, par. 201 *et seq.*). The sole issue on appeal is whether the trial court erred in granting defendants' motion to dismiss on the ground that probation records held by the Cook County probation department (the department) are exempt from disclosure under the FOIA.

The pleadings indicate that on August 28, 1984, plaintiff mailed a letter to Richard G. Napoli, chief probation officer of the department, requesting copies of records regarding his 1972 and 1973 probations and his 1976 violation of a probation warrant. When plaintiff failed to receive the records, he filed an administrative appeal with the Department pursuant to sections 9(a) and 10(a) of the FOIA. After waiting more than three months for a response, plaintiff filed his petition for disclosure of records in the circuit court of Cook County. Subsequently, defendants moved to dismiss on the ground that probation records are not "public records" within the meaning of the FOIA. The trial court granted defendants' motion, and plaintiff's timely appeal followed.

Section 1 of the FOIA provides that the statute "shall be the exclusive State statute on freedom of information, except to the extent

[1]Plaintiff has been incarcerated in the Menard Correctional Center, Menard, Illinois, since his arrest in October, 1978.

that other State statutes might create additional restrictions on disclosure of information." Section 3(a), read in conjunction with section 7, provides a similar exception to the general disclosure principles of the FOIA. Section 3(a) mandates that "[e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act." Section 7, in turn, specifically exempts from inspection and copying "[i]nformation specifically prohibited from disclosure by Federal or State law or rules and regulations adopted pursuant thereto." With respect to the facts of this case, section 12 of "An Act providing for a system of probation *** " of the Code of Criminal Procedure of 1963 (the Probation Act) (Ill. Rev. Stat. 1985, ch. 38, par. 204—4(4)), is the State law which specifically prohibits disclosure of probation records except for "inspection by any judge or by any probation officer pursuant to order of court" or by further "order of court" and expressly states that probation records are not public records.

■ Based upon the aforementioned, we find that the trial court properly granted defendant's motion to dismiss. In our opinion, section 12 of the Probation Act, read in conjunction with the FOIA, specifically limits the disclosure of probation records to situations which do not encompass the facts at bar.

■ In addition, predicated on our determination that the language of the aforementioned statutes is plain and unequivocal, we decline to address plaintiff's arguments requesting judicial construction. (*See Thornton v. Mono Manufacturing Co.* (1981), 99 Ill. App. 3d 722, 425 N.E.2d 522.) Further, we find that plaintiff's reliance on article 8 of the 1970 Illinois Constitution (Ill. Const. 1970, art. VIII) for his argument that he has a constitutional right to the probation records is misplaced. Article 8 specifically addresses the disclosure of records which detail the use of public funds. In our view, probation records do not fall within this category.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.