NOS. 4-05-0040, 4-05-0148 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

GOODRICH CORPORATION,

          Plaintiff-Appellee,

          v. 

J. ANTHONY CLARK, Director, the Illinois Department of Insurance,

          Defendant-Appellant.

)

)

)

)

)

)))

Appeal from

Circuit Court of

Sangamon County

No. 04CH158

Honorable

Leslie J. Graves, 

Judge Presiding.

_________________________________________________________________

JUSTICE APPLETON delivered the opinion of the court:

In March 2004, plaintiff, Goodrich Corporation (Goodrich), filed a cause of action under the Freedom of Information Act (FOIA) (5 ILCS 140/1 through 11 (West 2002)) against defendant, J. Anthony Clark, Director of the Illinois Department of Insurance, demanding documents concerning Kemper Insurance Company (Kemper).  After the initiation of the cause of action, the Illinois Department of Insurance became the Division of Insurance under the Department of Financial and Professional Regulation (Division), and Deirdre K. Manna replaced J. Anthony Clark as acting Director.  The Division appeals the circuit court's two respective December 2004 orders (1) denying the Division's motion to vacate the trial court's order to index Goodrich's tenth FOIA request and (2) granting Goodrich's partial summary judgment motion requiring the Division to turn over to Goodrich the records requested in Goodrich's tenth FOIA request as well as the "nonexamination" documents the Division identified in the first 26 pages of an index it created in response to Goodrich's FOIA request.  The Division argues the court erred in ordering the Division to index documents responsive to Goodrich's tenth FOIA request and in granting Goodrich's partial summary judgment motion ordering the Division to release documents requested in Goodrich's tenth FOIA request and other "nonexamination" documents because disclosure of the records is prohibited by law.  Goodrich argues (1) this court does not have jurisdiction to review the circuit court's order refusing to vacate the trial court's indexing order and whether the indexing order was proper and (2) the trial court did not err in granting Goodrich's motion for partial summary judgment.  We dismiss appeal No. 4-05-0040.  We affirm in part, vacate in part, and remand appeal No. 4-05-0148.   

I. BACKGROUND

In December 2003, Goodrich served the Division with an FOIA request, seeking copies of records in 20 specified categories.  Later that month, the Division responded to the request, stating it was unable to locate any records in response to seven of Goodrich's requests but would make some of the documents requested in eight of Goodrich's requests available for inspection.  However, the Division informed Goodrich that the remaining records responsive to the eight requests and all documents responsive to five other Goodrich requests were exempt from public disclosure.  Goodrich filed an administrative appeal of the Division's nondisclosure determinations.  In February 2004, the Director of the Division affirmed the Division's decision.

In March 2004, Goodrich filed suit under the FOIA, seeking declaratory and injunctive relief against the Division.  In July 2004, the Division agreed to provide Goodrich with a document-by-document index of the documents the Division had found exempt from disclosure for all but Goodrich's tenth FOIA request.  

At a July hearing before the trial court, the Division argued it had no obligation to index or even disclose the existence of documents responsive to Goodrich's tenth FOIA request.  The Division contended it was statutorily prohibited by section 35A-50 of the Insurance Code (Code) (215 ILCS 5/35A-50 (West 2002)) from either confirming or denying the existence of corrective orders or risk-based capital plans that might be responsive to Goodrich's tenth FOIA request.  The court disagreed and ordered the Division to prepare and provide to Goodrich an index of all the documents responsive to Goodrich's tenth request by August 2, 2004.  

On August 2, 2004, the Division supplied Goodrich with an index of the documents Goodrich asked for in its FOIA request, including a list of some documents responsive to Goodrich's tenth FOIA request that the Division determined did not fall within the purview of section 35A-50(a) of the Code (215 ILCS 5/35A-50(a) West 2002)).  However, with regard to any other documents the Division possibly possessed responsive to Goodrich's tenth FOIA request, the Division filed a motion to reconsider and vacate the trial court's indexing order.

On August 26, 2004, Goodrich filed a motion for partial summary judgment and for an expedited 
in
 
camera
 review, requesting the trial court order the Division (1) to disclose all documents listed on pages 1 through 26 of its FOIA index, which the Division labeled as "nonexamination" documents, and all nonindexed documents responsive to Goodrich's tenth FOIA request and (2) submit a cross-section of 50 of what the Division labeled as "examination" documents listed on pages 27 through 115 of the Division's FOIA index for 
in
 
camera
 review.  Goodrich also filed a memorandum in opposition to the Division's motion to reconsider and vacate and in support of its motion for partial summary judgment and expedited 
in
 
camera
 review.         

On December 13, 2004, the trial court entered an order denying the Division's motion to reconsider and vacate the court's order requiring the Division to index documents responsive to Goodrich's tenth FOIA request.  Judge Graves signed and dated this order on December 8, 2004.  In addition, on December 13, 2004, the court entered another order granting Goodrich's (1) motion for partial summary judgment ordering the Division to turn over to Goodrich all documents listed on the first 26 pages of its FOIA index and any documents responsive to Goodrich's tenth FOIA request and (2) motion for expedited 
in
 
camera
 review of 50 documents listed in pages 27 through 115 of the Division's FOIA index.

On January 12, 2005, the Division filed a notice of interlocutory appeal, No. 4-05-0040, under Supreme Court Rule 307(a) (188 Ill. 2d R. 307(a)), from the trial court's two orders filed on December 13, 2004.  On February 1, 2005, Goodrich filed a motion to dismiss the Division's interlocutory appeal in this court.  In the motion, Goodrich argued the appeal is time-barred, jurisdictionally barred, and frivolous.  On February 7, 2005, the Division filed a motion for leave to file a late notice of interlocutory appeal if this court determines the trial court's order requiring the Division to index any documents responsive to Goodrich's tenth FOIA request was entered on December 8, 2004, instead of December 13, 2004, which was the date the order was file stamped.  On February 16, 2005, the Division filed an objection to Goodrich's motion to dismiss the Division's interlocutory appeal.  That same day, Goodrich filed a memorandum in opposition to the Division's motion for leave to file late notice of interlocutory appeal, arguing not only that the appeal was untimely but also jurisdictionally barred.  This court has taken both of these motions with the case.  Goodrich is no longer pursuing the untimeliness argument pursuant to its appellee's brief.  As a result, we need not address the Division's motion for leave to file a late notice of appeal because that issue has been abandoned by Goodrich.

On or about February 7, 2005, the Division filed a motion for entry of a Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) finding in the trial court with regard to the court's December 13, 2004, order granting Goodrich's motion for partial summary judgment and expedited 
in
 
camera
 review.  On February 15, 2005, the court entered a Rule 304(a) finding with regard to its December 13, 2004, order granting Goodrich's motion for partial summary judgment and expedited 
in
 
camera
 review.  

On February 16, 2005, the Division filed its second notice of appeal, No. 4-05-0148, seeking to challenge the partial summary judgment order pursuant to Rule 304(a).  On February 18, 2005, the Division filed motions with this court to (1) extend the briefing schedule in its first appeal and (2) consolidate the two appeals.  This court granted both of those motions as well as the Division's motion for a stay pending appeal. 

      II. ANALYSIS

A. Jurisdiction Over Appeal No. 4-05-0040

In its motion to dismiss the Division's interlocutory appeal, Goodrich argues this court does not have jurisdiction over the trial court's decision not to vacate its indexing order and that this appeal is frivolous.  The Division filed its appeal regarding the trial court's refusal to vacate its indexing order pursuant to Rule 307(a)(1).  Rule 307(a)(1) states:

"An appeal may be taken to the Appellate Court from an interlocutory order of the court:

(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction[.]"  188 Ill. 2d R. 307(a)(1).

When determining jurisdiction under Rule 307, a motion to vacate an injunction is treated as the equivalent of a motion to dissolve an injunction.  
Doe v. Department of Professional Regulation
, 341 Ill. App. 3d 1053, 1058, 793 N.E.2d 119, 123 (2003).   

However, according to Goodrich, the trial court's indexing order was not "injunctive" within the meaning of Rule 307.  Goodrich argues that an order requiring an FOIA defendant to produce an index provided for under section 11(e) of the FOIA (5 ILCS 140/11(e) (West 2002)) is purely "ministerial" and "administrative."  Goodrich claims the indexing order was a "procedural ruling, much like an order compelling the production of a privilege log, or any other routine discovery order; it does not adjudicate any rights, or alter or affect the legal relationship between the parties."

Goodrich cites 
Hinton v. Department of Justice
, 844 F.2d 126, 129-30 (3d Cir. 1988), for the proposition that an FOIA index is only "a simple means to an end" and that it does not accord a requestor any of the substantive relief he seeks, nor does it protect the substance of the matter, in the usual injunctive sense of preserving the status quo.  Instead, the index is a tool for determining the requestor's substantive rights.  
Hinton
, 844 F.2d at 130.  Goodrich argues if an order to produce an FOIA index is enough to qualify as an injunction, then any administrative or discovery order would qualify for an immediate interlocutory appeal.  Discovery orders ordinarily are not subject to interlocutory appeal because they only regulate the procedural aspects of the case before the court.  
In re A Minor
, 127 Ill. 2d 247, 261-62, 537 N.E.2d 292, 298 (1989).

The Division argues the trial court's indexing order regarding Goodrich's tenth FOIA request went beyond the procedural aspects of this case.  Citing 
Coastal States Gas Corp. v. Department of Energy
, 644 F.2d 969 (3d Cir. 1981), the Division contends the court's order requiring the Division to prepare an index will have irreparable consequences and can only be effectively challenged by immediate appeal.  According to the Division, turning the index over to Goodrich would effectively give information to Goodrich that it seeks through its FOIA request.   

To determine if an order is injunctive for purposes of Rule 307, we look to the substance, not the form, of the order.  
A Minor
, 127 Ill. 2d at 260, 537 N.E.2d at 297.  Courts broadly construe the meaning of the word "injunction" for Rule 307(a)(1) purposes.  
A Minor
, 127 Ill. 2d at 260-61, 537 N.E.2d at 298.  Our supreme court has described an injunction as a:

"'judicial process, by which a party is required to do a particular thing, or to refrain from doing a particular thing, according to the exigency of the writ, the most common sort of which operate as a restraint upon the party in the exercise of his real or supposed rights.'"  
A Minor
, 127 Ill. 2d at 261, 537 N.E.2d at 298, quoting 
Wangelin v. Goe
, 50 Ill. 459, 463 (1869).  

However, our supreme court has also stated that orders properly characterized as "ministerial" or "administrative" cannot be the subject of an interlocutory appeal because they only concern the procedural details of the case before the court.  
A Minor
, 127 Ill. 2d at 262, 537 N.E.2d at 298.

We find we do not have jurisdiction over the trial court's indexing order under Rule 307(a).  The court's indexing order only concerned the procedural aspects of this case.  To appeal the court's indexing order, the Division could have waited until a final judgment had been entered, obtained a Rule 304(a) finding concerning the indexing order from the court, or been found in contempt of court.  The Division did not do any of these things.   Therefore, we grant Goodrich's motion to dismiss appeal No. 4-05-0040.

However, even if we had jurisdiction, we would not have found the trial court erred in ordering the Division to prepare an index of any documents it possessed with regard to Goodrich's tenth FOIA request.  Goodrich's tenth FOIA request asked for the following:

"All [r]ecords that constitute, refer to, or relate to the commutation or termination of reinsurance agreements between Kemper and affiliates of Berkshire Hathaway Inc., as announced in the June 23, 2003[,] press release of Kemper."

The Division did index nine records responsive to this request. However, the Division argued section 35A-50 of the Code precludes the Division from confirming or denying the existence of risk-based capital reports (RBC Reports), risk-based capital plans (RBC Plans), or corrective orders that would be responsive to this request if they existed.  The dispute over the indexing order in this case is whether the Division has to confirm or deny the existence of the above-mentioned categories of RBC-related records by indexing the records, if they have any.

Section 35A-50(a) of the Code states as follows:

"All RBC Reports, to the extent the information therein is not required to be set forth in a publicly available annual statement schedule, and RBC Plans, including the results or report of any examination or analysis of an insurer performed under this [a]rticle and any [c]orrective [o]rder issued by the Director pursuant to the examination or analysis, with respect to any domestic insurer or foreign insurer that are filed with the Director constitute information that might be damaging to the insurer if made available to its competitors and shall be kept confidential by the Director.  This information shall not be made public or be subject to subpoena, other than by the Director and then only for the purpose of enforcement actions taken by the Director under this Code or other provisions of the insurance laws of this [s]tate."  215 ILCS 5/35A-50(a) (West 2002).

The Division misinterprets the language of section 35A-50 of the Code in arguing that section 35A-50 contains an exception to the indexing requirements established in section 11(e) of the FOIA (5 ILCS 140/11(e) (West 2002)).  Courts have rejected the idea that an agency can determine for itself what to withhold pursuant to the FOIA.  See 
Cooper v. Department of the Lottery
, 266 Ill. App. 3d 1007, 1024, 640 N.E.2d 1299, 1310 (1994).  Section 11(e) of the FOIA (5 ILCS 140/11(e) (West 2002)) states:

"On motion of the plaintiff, prior to or after in camera inspection, the court shall order the public body to provide an index of the records to which access has been denied.  The index shall include the following:

(i)  A description of the nature or contents of each document withheld, or each deletion from a released document, provided, however, that the public body shall not be required to disclose the information which it asserts is exempt; and

(ii) A statement of the exemption or exemptions claimed for each such deletion or withheld document."

The cardinal rule of statutory construction is to ascertain and give effect to the true intention and meaning of the legislature.  
State Farm Fire & Casualty Co. v. Yapejian
, 152 Ill. 2d 533, 540-41, 605 N.E.2d 539, 542 (1992).  The language of the statute is the best indicator of that intent, and aids for construing a statute will only be resorted to if the language of the statute is not clear.  
Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.
, 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822 (1994).  

Based on the plain language of section 35A-50, we find the statute does not make the mere existence of RBC Reports, RBC Plans, and corrective orders confidential.  Section 35A-50(a) only makes the information contained in RBC Reports confidential "to the extent the information therein is not required to be set forth in a publicly available annual statement schedule."  215 ILCS 5/35A-50(a) (West 2002).  Likewise, the section only makes information in RBC Plans confidential "including the results or report of any examination or analysis of an insurer performed under this [a]rticle and any [c]orrective [o]rder issued by the Director pursuant to the examination or analysis."  215 ILCS 5/35A-50(a) (West 2002).  Contrary to the Division's assertion, section 35A-50 applies equally to RBC Reports and RBC Plans.  The Division has admitted the existence of RBC Reports is not confidential because the Code requires "every domestic insurer" to prepare and file an RBC Report each year (see 215 ILCS 5/35A-10(a) (West 2002)).  We find section 35A-50 also did not intend to make the mere existence of RBC Plans or corrective orders confidential.  

The documents themselves are also not 
per
 
se
 exempt under Goodrich's tenth FOIA request.  Our supreme court has stated:

"When a public body receives a proper request for information, it must comply with that request unless one of the narrow statutory exemptions applies.  [Citation.]  ***  If the public body seeks to invoke one of the exemptions in section 7 as grounds for refusing disclosure, it is required to give written notice specifying the particular exemption claimed to authorize the denial.  [Citations.] If the requesting party subsequently challenges the denial in circuit court [citation], the public body has the burden of proving that the records in question fall within the exemption it has claimed.  [Citation.]

Most of the exemptions set forth in section 7 of the Act [citation] are specific, identifying the particular public records that are not subject to disclosure.  Where the public body claims that a requested document falls within one of these specifically enumerated categories and is able to prove that claim, no further inquiry by the court is necessary.  The documents 'shall be exempt from inspection and copying.' [Citation.]  This 
per
 
se
 rule applies to the specific exemptions set forth in the subsections of section 7(1)(b) of the Act [citation], which pertains to '[i]nformation that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy,' just as it does to the other exemptions in section 7."  
Lieber v. Board of Trustees of Southern Illinois University
, 176 Ill. 2d 401, 407-08, 680 N.E.2d 374, 377 (1997).  

The Division relies on 
Roulette v. Department of Central Management Services
, 141 Ill. App. 3d 394, 490 N.E.2d 60 (1986), and 
Smith v. Cook County Probation Department
, 151 Ill. App. 3d 136, 502 N.E.2d 1157 (1986), to support its argument that the documents are 
per
 
se
 exempt pursuant to section 35A-50 of the Code, which is incorporated by section 7(1)(a) of the FOIA (5 ILCS 140/7(1)(a) (West 2002)).  However, the situation in the case at bar is distinguishable from the situations in 
Roulette
 and 
Smith
. 

In 
Roulette
, the plaintiff demanded pursuant to the FOIA that the defendant produce two records, an interviewing psychologist's handwritten notes from the psychologist's interview with plaintiff and the psychologist's evaluation of the plaintiff's Minnesota Multiphasic Personality Inventory (MMPI), that were part of his application for state employment.  
Roulette
, 141 Ill. App. 3d at 395-96, 490 N.E.2d at 61.  The trial court ordered the defendant and the psychologist to release this material to the plaintiff.  
Roulette
, 141 Ill. App. 3d at 396, 490 N.E.2d at 61.  The appellate court reversed, finding the documents requested were not subject to disclosure because "'test questions, scoring keys[,] and other examination data used to administer an academic examination or determine the qualifications of an applicant for a license or employment'" are exempt pursuant to section 7(j) of the FOIA.  
Roulette
, 141 Ill. 2d at 396, 490 N.E.2d at 61, quoting Ill. Rev. Stat., 1984 Supp., ch. 116, par. 207(j) (now 5 ILCS 140/7(j) (West 2002)).  In essence, the 
Roulette
 court found the records 
per
 
se
 exempt 
because
 the records requested fell within the scope of the exemption.

In 
Smith
, the issue on appeal was "whether the trial court erred in granting [the] defendants' motion to dismiss on the ground that probation records held by the Cook County probation department *** are exempt from disclosure under the FOIA."  
Smith
, 151 Ill. App. 3d at 137, 502 N.E.2d at 1157.  The appellate court affirmed, finding that section 7 of the FOIA:

"specifically exempts from inspection and copying '[i]nformation specifically prohibited from disclosure by [f]ederal or [s]tate law or rules and regulations adopted pursuant thereto.'  With respect to the facts of this case, section 12 of 'An Act providing for a system of probation ***' of the Code of Criminal Procedure of 1963 (the Probation Act) [citation], is the [s]tate law which specifically prohibits disclosure of probation records except for 'inspection by any judge or by any probation officer pursuant to order of court' or by further 'order of court' and expressly states that probation records are not public records."  
Smith
, 151 Ill. App. 3d at 138, 502 N.E.2d at 1158.

The 
Smith
 court found the records 
per
 
se
 exempt 
because
 the records were not only within the scope of a statutory exemption but mirrored a statutory exemption.  

In the case at bar, Goodrich's tenth FOIA request neither mirrors nor falls within the scope of the exemptions listed in section 35A-50 of the Code.  Because Goodrich's tenth request does not fall within the scope of the exemptions listed in section 35A-50 of the Code, the Division must identify and prove the records it possesses responsive to this request are exempt from disclosure.  The Division must identify these records, including any RBC-related records, and fulfill its burden of proving the records are exempt.  See 
Lieber
, 176 Ill. 2d at 408, 680 N.E.2d at 377.

B. Appeal No. 4-05-0148

The Division filed its second appeal, No. 4-05-0148, seeking to challenge the trial court's partial summary judgment order pursuant to Rule 304(a).  In its partial summary judgment order, the court ordered the Division to (1) turn over all of the "nonexamination" records listed on the first 26 pages of the Division's 115-page index, (2) turn over to Goodrich all documents responsive to Goodrich's tenth FOIA request, and (3) submit to the court a specified sampling of the "examination" records listed on pages 27 through 115 of the Division's index.  The Division argues the court erred in granting summary judgment with regard to the "nonexamination documents" and the documents responsive to Goodrich's tenth FOIA request.  The Division does not appeal the court's order to submit a specified sampling of the "examination" documents.  As a result, we do not consider the merits of that particular order.

Regarding the turnover orders at issue, the trial court stated that it agreed with Goodrich that (1) the Division had not borne its "burden of providing a proper and sufficiently detailed factual showing" to justify its nondisclosures and (2) "the Division's interpretation and application of the statutory [e]xemptions on which it has relied is demonstrably invalid and misreads the statutory provisions in question."

Appellate courts review an order granting summary judgment 
de
 
novo
.  
Illinois Education Ass'n v. Illinois State Board of Education
, 204 Ill. 2d 456, 459, 791 N.E.2d 522, 524 (2003).  Summary judgment is only appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  
Travelers Insurance Co. v. Eljer Manufacturing, Inc.
, 197 Ill. 2d 278, 292, 757 N.E.2d 481, 491 (2001).  Summary judgment is only proper when the moving party's right to judgment is clear and free from doubt.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992).  The trial court must construe the record before it strictly against the party moving for judgment.  
Baudin v. City of Crystal Lake
, 192 Ill. App. 3d 530, 536, 548 N.E.2d 1110, 1114 (1989).  "Summary judgment is a drastic remedy and, as such, must be granted only when the movant's right to judgment as a matter of law is clear and free from doubt."  
Baudin
, 192 Ill. App. 3d at 536, 548 N.E.2d at 1114.  However, "[t]o survive a motion for summary judgment, the nonmoving party must come forward with evidentiary material that establishes a genuine issue of fact."  
Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp.
, 218 Ill. App. 3d 383, 394, 577 N.E.2d 1344, 1352 (1991).  The nonmoving party cannot simply deny the moving party's factual allegations.  
Purdy Co. of Illinois v. Transportation Insurance Co.
, 209 Ill. App. 3d 519, 529, 568 N.E.2d 318, 324 (1991).  

We address the trial court's turnover orders regarding the "nonexamination" documents listed on pages 1 through 26 of the Division's index and the records responsive to Goodrich's tenth FOIA request in turn.    

1. "
Nonexamination
" 
Records

The Division failed to come forward with any evidentiary material to establish a question of fact.  While the Division tries to rely on its FOIA index, we cannot take the index into consideration because it is not admissible evidence.  See 
Harris Bank Hinsdale, N.A. v. Caliendo
, 235 Ill. App. 3d 1013, 1025, 601 N.E.2d 1330, 1338 (1992).  Not only are most of the index entries insufficient to describe what is being withheld, the Division did not swear to the accuracy of the index.  As a result, the index amounts to inadmissible evidence.  

The only evidence the Division presented in opposition to Goodrich's motion for summary judgment were the affidavits of Jack Messmore, the Division's Chief Deputy Director, and Susan Anders, the Division's FOIA officer and paralegal.  Messmore's affidavit does not discuss the index or any of the documents the Division withheld.  It only addresses why the Division should not have to index documents responsive to Goodrich's tenth FOIA request.  Anders's affidavit also does not aid the Division's argument, as it only discusses the length of time and manpower it took the Division to create the index.  

Because the Division failed to come forward with any admissible evidence creating a question of fact, the trial court did not err in granting Goodrich's motion for partial summary judgment concerning the "nonexamination" documents listed on pages 1 through 26 of the Division's index.      

2. 
Goodrich's
 
Tenth
 
FOIA
 
Request

The trial court filed its order denying the Division's motion to vacate the indexing order on the same day it filed an order granting Goodrich's motion for partial summary judgment, ordering the Division to turn all responsive documents not listed on the Division's FOIA index to Goodrich.  This would include the documents responsive to Goodrich's tenth request.  By filing the order requiring the turnover of the documents responsive to Goodrich's tenth request on the same day it denied the Division's motion to vacate the court's earlier order to index, the court did not give the Division an opportunity to begin the process of bearing its burden of providing a proper and sufficient factual showing to justify its nondisclosures of any records it possessed responsive to this request by indexing those documents.  As a result, we vacate this portion of the court's partial summary judgment order.

On remand, the Division must create an index of the documents requested in Goodrich's tenth FOIA request pursuant to the court's indexing order unless the Division appeals the order through one of the methods of appeal described above.  As a result, we take this opportunity to remind the Division what is required in an FOIA index.  

Our supreme court has stated that an agency must provide a detailed justification for its refusal to turn over the requested document or documents.  
Illinois Education Ass'n v. Illinois State Board of Education
, 204 Ill. 2d 456, 464, 791 N.E.2d 522, 527 (2003).  The index must address requested documents specifically and in a manner that allows for adequate adversary testing.  
Baudin v. City of Crystal Lake
, 192 Ill. App. 3d 530, 537, 548 N.E.2d 1110, 1114 (1989).  The index should include the following: (1) the title of the document or the category of documents, (2) the date the document was created or at least an estimate thereof, (3) the name of the author and recipient, (4) a detailed factual description, and (5) the claimed statutory exemption.  See generally 
Vaughn v. Rosen
, 484 F.2d 820 (D.C. Cir. 1973); 1 J. O'Reilly, Federal Information Disclosure §8:16, at 257 (3d ed. 2000).  If the requesting party finds the index inadequate, it can move for the agency to provide a more detailed index.  The court can also 
sua
 
sponte
 order the agency to provide a more detailed index.        

III. CONCLUSION

For the reasons stated, we dismiss appeal No. 4-05-0040 for lack of appellate jurisdiction.  As for appeal No. 4-05-0148, we affirm the trial court's summary judgment order requiring the Division to turn over the "nonexamination" documents to Goodrich, vacate the court's summary judgment order requiring the Division to turn over any documents responsive to Goodrich's tenth FOIA request, and remand.

No. 4-05-0040, dismissed.

No. 4-05-0148, affirmed in part and vacated in part; cause remanded.

     TURNER and STEIGMANN, JJ., concur.