# Illinois Official Reports

## Appellate Court

***Zitella v. Mike's Transportation, LLC***, 2018 IL App (2d) 160702

| | |
|---|---|
| Appellate Court Caption | ROBERT ZITELLA and RICHARD PIETRANEK, Plaintiffs-Appellees, v. MIKE'S TRANSPORTATION, LLC; RESTORATION SERVICES, LLC; SUSAN MARINO; KEITH MARINO; and F. MICHAEL MALONE, Defendants-Appellants. |
| District & No. | Second District<br>Docket No. 2-16-0702 |
| Filed | March 12, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 14-L-507; the Hon. William I. Ferguson and the Hon. Robert G. Kleeman, Judges, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | James K. Borcia, of Tressler LLP, of Chicago, for appellants.<br><br>Mark J. McAndrew, Kaitlyn Anne Wild, and Michael P. Adams, of Rathje & Woodward, LLC, of Wheaton, for appellees. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justices Zenoff and Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1      Pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Feb. 26, 2010), defendants, Mike's Transportation, LLC (Mike's Transportation); Restoration Services, LLC (Restoration Services); Susan Marino; Keith Marino; and F. Michael Malone, appeal the judgment of the circuit court of Du Page County denying their April 7, 2016, motion to vacate a May 30, 2014, order requiring defendants to preserve all their books and records. We conclude that jurisdiction is lacking and dismiss the appeal.

¶ 2      I. BACKGROUND

¶ 3      In 2012, plaintiffs, Robert Zitella and Richard Pietranek, as principals for companies to be organized, purchased from defendants the assets of Mike's Transportation and Restoration Services. In 2014, plaintiffs were disgruntled with the results of the sale. Susan Marino, Keith Marino, and Malone (the individual defendants) owned a property whose caretaker was potentially interested in purchasing it. The caretaker invited Pietranek to come to the property and consult with him about how he could best utilize the property according to his plans. Pietranek was left alone for approximately five minutes in a storage room containing a number of records. He looked inside a box and realized that it contained undisclosed records that pertained to the asset purchase. Pietranek rifled through the box, took at least 426 pages out of the box, and stored them in his car. He quickly ended the consultation with the caretaker and drove away with the records.

¶ 4      On May 21, 2014, plaintiffs sued defendants for breach of contract and fraudulent misrepresentation, based on defendants' alleged withholding of the records that Pietranek had taken. Plaintiffs alleged that defendants had labeled certain expenditures as distributions to the individual defendants and then used them to pay their workers, thereby causing the profits of the businesses to be overstated and causing plaintiffs to overpay for the assets they purchased. (Defendants, in turn, accused Pietranek of breaking into the storage room and stealing the records and complained that plaintiffs had not sought to view records of that sort.)

¶ 5      Also on May 21, 2014, plaintiffs applied, *ex parte*, for a temporary restraining order (TRO) to prevent defendants from destroying any of the records located at the individual defendants' property or any other records that pertained to the asset purchase. The TRO was granted for a period of 10 days, expiring, on its own terms, at 3 p.m. on May 31. The trial court scheduled a hearing for May 30.

¶ 6      Defendants were served with the TRO by May 28. After being served, Keith Marino removed a number of boxes of records from the individual defendants' property and took them into his personal residence; the trial court was not informed. On May 30, the parties appeared, and the trial court held a hearing. At the hearing, the trial court stated its intention to convert the TRO into a preservation order requiring defendants not to destroy any records. Defendants' attorney repeatedly stated that she had no objection to converting the TRO into a preservation order.

¶ 7      Following the hearing, the trial court entered the following order:

> "All books and records of the defendants in any format will be preserved and the location of the books and records in any format will be immediately disclosed to the plaintiffs. The physical books and records will be available for pick up by F.E. Walsh

& Associates and Cintas today. An inventory of all books and records will be provided to all counsel of record. The costs of transport and storage will be born [*sic*] by plaintiff [*sic*] unless otherwise ordered by this court. The TRO will expire by its terms and the requirement of a bond is extinguished. The parties will meet and confer with respect to any electronically stored information by June 13, 2014."

¶ 8    On June 12, 2014, defendants filed a motion to vacate the May 30, 2014, order, arguing that plaintiffs had not successfully alleged the elements necessary to secure a preliminary injunction. Frenetic motion practice ensued. On August 27, 2014, the trial court denied defendants' motion to vacate the May 30, 2014, order.[1]

¶ 9    The case continued over the next two years in similar fashion. Much motion practice occurred, but the case advanced very little. On April 7, 2016, defendants once again filed a motion "to dissolve" the May 30, 2014, order, again arguing that plaintiffs had not properly alleged the elements necessary to secure a preliminary injunction. Following briefing and argument, on August 23, 2016, the trial court denied defendants' motion to dissolve. On August 25, 2016, defendants filed their notice of appeal from the denial of the motion to dissolve.

¶ 10                                II. ANALYSIS

¶ 11    On appeal, defendants argue that plaintiffs failed to sufficiently allege facts entitling them to the injunctive relief granted in the May 30, 2014, order. Plaintiffs argue that the May 30, 2014, order was a preservation order pursuant to the rules of discovery and thus it was insufficient to confer jurisdiction over this appeal under Rule 307(a)(1).

¶ 12                        A. Propriety of Rule 307 Appeal

¶ 13    Defendants appeal the trial court's refusal to vacate its May 30, 2014, order, under Rule 307(a)(1). Rule 307 covers interlocutory appeals as of right and states, pertinently: "An appeal may be taken to the Appellate Court from an interlocutory order of court: (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction[.]" Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010). Under Rule 307, a motion to vacate an injunction is equivalent to a motion to dissolve an injunction. *Goodrich Corp. v. Clark*, 361 Ill. App. 3d 1033, 1038 (2005). The key, of course, is whether the order that defendants sought to vacate is an injunction or some other type of interlocutory order.

¶ 14    In order to determine whether an order is an appealable injunction, we look to its substance, not its form, and our policy is to broadly construe the meaning of the term "injunction." *In re A Minor*, 127 Ill. 2d 247, 260-61 (1989). An injunction is a judicial process requiring a party to do a particular thing, or to refrain from doing a particular thing, but not every order with such a requirement is an injunction. *Id.* at 261-62. In particular, ministerial or administrative orders that regulate only the procedural details of litigation cannot be the subject of an interlocutory appeal. *Id.* at 262. Examples of such nonappealable orders include subpoenas, discovery orders, and orders relating to the court's control of its docket. *Short Brothers Construction, Inc. v. Korte & Luitjohan Contractors, Inc.*, 356 Ill. App. 3d 958, 960 (2005). These types of

---

[1]The pertinent text of the order stated that the motion was denied "for the reasons set forth in the record." At the August 27, 2014, hearing, the court did not set forth any reasoning or even seemingly address the motion to vacate. Nevertheless, the written order expressly denied the motion to vacate.

orders can be considered noninjunctive because they do not form a part of the power traditionally reserved to courts of equity; rather, they are a part of the inherent power possessed by any court to compel the appearance of witnesses, to regulate their testimony, and to control the court's own docket. *Id.* These types of orders do not affect the relationship of the parties in their everyday activities apart from the litigation, and this serves to distinguish such orders from traditional forms of injunctive relief. *Id.*

¶ 15    Plaintiffs argue that the May 30, 2014, order is a garden-variety discovery order, requiring defendants to preserve the specified evidence. We agree. In the order, the trial court required duplication of the records, Bates stamping of the records, and return of the records thereafter to defendants. This is akin to an order compelling production of documents. Because it is a discovery order, or, at any rate, an order regulating the process of the litigation before the trial court, it is not an injunction. Therefore, it is a nonappealable interlocutory order. *Id.*

¶ 16    Defendants argue that a preservation order "is clearly injunctive in nature." In support of this argument, defendants cite *Anderson v. Taylor*, 2006 UT 79, 149 P.3d 352. There are two problems with defendants' reliance on *Anderson*. First, *Anderson* is a foreign case: nonbinding and only persuasive. *In re Marriage of Moorthy*, 2015 IL App (1st) 132077, ¶ 57 n.2. However, our own research has uncovered no Illinois case expressly holding that an order to preserve records is an injunctive order, so defendants' resort to foreign authority is not particularly remarkable. Second, and more importantly, *Anderson*, for which defendants do not provide a pinpoint citation, does not stand for the proposition invoked by defendants, that preservation orders are "clearly injunctive in nature." In *Anderson*, the plaintiff sought the issuance of an injunction requiring the police and the courts to follow Utah law requiring the preservation of search warrants and supporting documentation. *Anderson*, 2006 UT 79, ¶ 6. There was no issue of whether a particular order was or was not injunctive. Thus, while defendants might have cited *Anderson* because they appropriately perceived that Illinois authority was lacking, the case is nevertheless wholly unpersuasive because it deals with the informal and improper procedures that Utah state courts were using to handle search warrants. Defendants' citation to *Anderson*, therefore, is inapposite.

¶ 17    In contrast, we believe that the May 30, 2014, order to preserve the evidence in this case is most closely akin to a nonappealable discovery order. As noted, nonappealable orders like discovery orders deal specifically with the conduct of the litigation and do not affect the parties in their everyday activities apart from the litigation. *In re A Minor*, 127 Ill. 2d at 262. Defendants assert that the May 30, 2014, order applied to literally all of their records, like school records, dental records, and anything else extraneous to this litigation. A reasonable construction of the May 30, 2014, order should quell that concern, and the fact that defendants sold the businesses and retired to Florida suggests that the order has no effect on their everyday activities apart from the litigation. Thus, while not directly on point, *In re A Minor* is authoritative, binding, and persuasive.

¶ 18    Defendants contend that, pursuant to *In re African-American Slave Descendants' Litigation*, No. 1491, 02 C 7764, 2003 WL 24085346, at *2 (N.D. Ill. July 15, 2003), an order to preserve evidence is an injunctive remedy. We acknowledge that the case makes that assertion based on several citations to other federal district court cases. As noted above, because the case is foreign authority, it is not binding on this court. *Moorthy*, 2015 IL App (1st) 132077, ¶ 57 n.2. It also is apparently not published, so its persuasiveness is diminished. Finally, the case does not purport to analyze the difference between an injunctive order and a

noninjunctive discovery order. Thus, it is of little value on the question presented here under Illinois law.

¶ 19 Defendants also assail authority cited by plaintiffs. Specifically, defendants attempt to distinguish *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167 (1981), *People v. Kladis*, 403 Ill. App. 3d 99 (2010), and *Kilburg v. Mohiuddin*, 2013 IL App (1st) 113408. However, we do not rely on those cases; rather, our own understanding of *In re A Minor* and *Short Brothers* guides our determination.

¶ 20 Defendants also note that *Short Brothers* recites the rule that the term "injunction" is to be construed broadly. *Short Brothers*, 356 Ill. App. 3d at 960. We agree. We also note that the appellate court in that case applied a pragmatic consideration of an order that stayed the pending litigation while the matter was referred to mediation, concluding that, despite the stay, the order implicated the trial court's ability to manage its own docket. *Id.* We believe that the order preserving the evidence here can be viewed similarly: it is a nonappealable discovery order ensuring that the case can, eventually, be tried. Thus, we find no conflict with the general rule that the term "injunction" is to be broadly construed.

¶ 21 Because the May 30, 2014, order is not injunctive, it cannot be the basis for an appeal under Rule 307(a)(1). Accordingly, we lack jurisdiction and must dismiss the appeal.

¶ 22                                          B. Motion for Sanctions

¶ 23 On May 22, 2017, plaintiffs filed a motion to dismiss the appeal and for sanctions. As a basis for the motion to dismiss, plaintiffs complained that defendants were improperly delaying the filing of their opening brief on appeal, purely to harass and to prevent this case from advancing in the trial court. On May 25, 2017, defendants, after having filed six previous motions to extend the due date for their opening brief on appeal, filed a motion to file their opening brief *instanter*. On June 8, 2017, we granted defendants' motion to file *instanter*, and we denied plaintiffs' motion to dismiss the appeal and directed that the motion for sanctions be taken with the case.

¶ 24 Turning to plaintiffs' motion for sanctions, plaintiffs note that sanctions are justified where an appeal is frivolous or where a party has employed abusive tactics in the conduct of an appeal. Plaintiffs base their argument for sanctions solely on the allegedly abusive tactics employed by defendants in requesting numerous extensions of time in which to file their opening brief and the alleged insufficiency of defendants' reasons for requesting more time. Plaintiffs have not indicated how these extensions have impacted them. In light of the parties' ultimate presentations of the issues in this appeal, we do not believe that sanctions are warranted, and certainly not for the defendants' alleged dilatoriness in adhering to the briefing schedule. We do note, however, that, in making six requests for extensions of time, defendants were perhaps beginning to hew more closely to the line of abusive tactics than is comfortable and our decision here is best viewed as a one-off, based on the unique facts before us. We also note that plaintiffs do not argue that the appeal is substantively frivolous. Accordingly, we deny plaintiffs' motion for sanctions.

## III. CONCLUSION

For the foregoing reasons, jurisdiction is lacking, and the appeal is dismissed.

Appeal dismissed.