**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220497-U

Order filed May 10, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| SBC WASTE SOLUTIONS, INC., | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Du Page County, Illinois. |
| | ) | |
| | ) | Appeal No. 3-22-0497 |
| v. | ) | Circuit No. 20-L-90 |
| | ) | |
| CHRISTOPHER FLOOD, | ) | The Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices McDade and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  In an appeal in a civil case regarding the potential buyout of a dissenting shareholder's shares in a closely held corporation, the appellate court held that the trial court's ruling—ordering the defendant to sign an appraisal contract so that an estimate of the value of the defendant's shares could be obtained—was not a grant of an injunction and, thus, that defendant's interlocutory appeal from that ruling could not properly be brought under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). The appellate court, therefore, dismissed the defendant's appeal for lack of appellate jurisdiction.

¶ 2     Plaintiff, SBC Waste Solutions, Inc., filed a civil action against one of its minority

shareholders, defendant, Christopher Flood, seeking, among other things, to buy out defendant's

shares in plaintiff pursuant to section 11.70 of the Business Corporation Act of 1983 (Act). 805 ILCS 5/11.70 (West 2020). During the course of the litigation, because the parties could not agree, the trial court appointed an independent appraiser to provide an estimate of the value of defendant's shares and subsequently ordered defendant to sign the appraisal contract. Defendant filed an interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), claiming that the trial court's ruling directing him to sign the appraisal contract was an injunction and seeking to challenge that ruling and several of the trial court's previous rulings in the case. We dismiss defendant's appeal for lack of appellate jurisdiction.

¶ 3                                          I. BACKGROUND

¶ 4          Plaintiff was incorporated in December 2017 and was in the business of dumpster service removal. As part of its business operations, plaintiff would deliver empty dumpsters to its customers' locations, pick up those dumpsters when they were full, and promptly replace the full dumpsters with new empty dumpsters. Karen Coley was the president and majority shareholder of plaintiff, and one of defendant's brothers and two of defendant's nephews were minority shareholders. In January 2018, defendant became a minority shareholder in plaintiff as well, when defendant sold seven specialized garbage trucks to plaintiff in exchange for a small portion of plaintiff's stock. After receiving the trucks, plaintiff had the trucks repaired and painted and, for nearly two years thereafter, used the trucks in its business operations.

¶ 5          Although not quite clear from the record, it appears that at some point, animosity developed between defendant and some of the other shareholders, including Coley. On May 31, 2019, defendant sent Coley a text message requesting that she buy out his shares in plaintiff for $450,000 or that he would buy out her shares for $1.4 million instead. In June 2019, defendant

2

sent another text message to Coley, claiming that a compactor that plaintiff had purchased had been stolen from defendant.

¶ 6    In January 2020, defendant removed three trucks, approximately half of plaintiff's fleet, from plaintiff's premises at night without permission. Plaintiff subsequently filed the instant action against defendant, which was initially for replevin, and sought the return of the three trucks. Defendant disputed that plaintiff owned the trucks in question. The following month (February 2020), a two-day bench trial was held on the limited issue of the ownership of the trucks. At the conclusion of the trial, the trial court found that plaintiff owned, and was entitled to possession of, the trucks. The trial court reserved ruling on the remaining issues in the case.

¶ 7    In March 2020, defendant sent a threatening text message to Coley, stating, among other things, that she would get to see "[h]ell on earth" and that "[her] [d]ays [were] numbered." Later that same month, plaintiff filed a motion for leave to amend its complaint to add a count (count III) for the buyout of defendant's shares pursuant to section 11.70 of the Act and for the appointment of an independent appraiser to provide an estimation of the value of those shares. That same day, plaintiff's attorney sent defendant's attorney a letter offering, on behalf of plaintiff, to purchase defendant's shares for approximately $31,000 pursuant to section 11.70. The letter noted that defendant had previously offered to sell his shares for $450,000 (in the text message to Coley) but stated that defendant's previous offer was not based on actual documented data. The trial court subsequently granted plaintiff's request for leave to file an amended complaint and set a briefing schedule on plaintiff's motion to appoint an appraiser.

¶ 8    In June 2020, plaintiff filed its amended complaint. As indicated above, in count III of the amended complaint, plaintiff sought to buy out defendant's shares in plaintiff pursuant to section

3

11.70 of the Act.[1] Plaintiff noted in count III, and attached to the amended complaint, the text message buyout request that defendant had made on May 31, 2019, and the buyout offer letter that plaintiff had sent to defendant in March 2020. Plaintiff also alleged in count III that due to the violent acts and threats perpetrated by defendant against other shareholders, it was impossible for plaintiff to conduct business with defendant as a shareholder and was in the best interest of plaintiff and defendant for the trial court to appoint an independent appraiser to estimate the value of defendant's shares and to order plaintiff to purchase defendant's shares at their fair value as provided for in section 11.70 of the Act.

¶ 9        Over the next two years, the parties litigated matters in the trial court related to the potential buyout of defendant's shares. During those proceedings, the trial court ordered plaintiff to tender certain corporate and financial documents to defendant; ordered defendant to tender to plaintiff a written demand for a specific amount to buy defendant's shares (the December 2020 and the June 2021 orders); appointed William Polash as the independent appraiser who would provide an estimate of the value of defendant's shares (the April 2022 order); and set the valuation date of the company for the purpose of the appraisal as May 31, 2019, the date of defendant's text message buyout request to Coley. Those last two orders were entered over the objection or opposition of defendant, as defendant claimed that plaintiff was using the Act improperly to oust a minority shareholder (defendant); that plaintiff had failed to establish that the dissenter's rights provisions of the Act had been triggered; and that plaintiff had failed to comply with many of the procedural requirements of the Act, including the requirement that plaintiff turn over certain corporate and financial documents to defendant.

---

[1] Count I of the amended complaint was merely a restatement of the original count for replevin and noted that the trial court had already ruled in plaintiff's favor on that count. Count II of the amended complaint sought replevin damages and was not contained in the original complaint.

¶ 10    Defendant filed a motion to reconsider as to the appointment of Polash and certain other matters, but the trial court denied the motion, stating that the court had "an inherent obligation to protect the corporation as well as the rights of all shareholders" and that defendant had "waived the raising of many of [those] issues." At a later status hearing, the trial court was told that Polash would not start work without a fully signed contract from each of the parties. The trial court entered an order at that time (August 2022) stating that defendant's signature on the contract would not constitute a waiver or forfeiture of defendant's right to appeal the court orders requiring an appraisal and appointing Polash. A separate order (referred to hereinafter at times as the current order) was later entered in November 2022, directing defendant to sign the appraisal contract. Defendant filed the instant interlocutory appeal to challenge that ruling and several of the trial court's prior rulings.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant argues that the trial court erred in ordering defendant to sign the appraisal contract. Before we reach the merits of that issue, however, we must first determine whether appellate jurisdiction exists in this case. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984) (indicating that the appellate court has a duty to determine if jurisdiction to hear an appeal exists and to dismiss the appeal if jurisdiction is lacking). Defendant asserts that jurisdiction is proper in this case under Supreme Court Rule 307(a)(1) because the trial court's order directing defendant to sign the appraisal contract was an injunction since it "required [defendant] to take an action that would change the procedure of the relationship between the parties and the litigation." In addition, defendant contends that the trial court's current order, in connection with some of the trial court's previous orders, served to eliminate defendant's rights under the dissenter's rights provisions of the Act. Thus, defendant maintains

5

that appellate jurisdiction exists in the case to review, on an interlocutory as of right basis, the trial court's current order and some of the related orders that were previously entered by the trial court.

¶ 13        Plaintiff argues that appellate jurisdiction is lacking in this case and that defendant's appeal must, therefore, be dismissed. In support of that argument, plaintiff asserts that, contrary to defendant's claim on appeal, the trial court's ruling requiring defendant to sign the appraisal contract was not an injunction but, rather, was a ministerial act that regulated only the procedural details of the litigation. Thus, plaintiff contends that no appellate jurisdiction exists for this appeal under Rule 307(a)(1).

¶ 14        Supreme Court Rule 307(a)(1) allows an appeal to be taken in a civil case as a matter of right from an interlocutory order of the trial court "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." See Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017); *In re A Minor*, 127 Ill. 2d 247, 251, 260 (1989); *Zitella v. Mike's Transportation*, *LLC*, 2018 IL App (2d) 160702, ¶ 13. The purpose of Rule 307(a)(1) is to provide for the interlocutory review of the trial court's exercise of its equitable power to grant injunctive relief and to prevent abuses of that power that could result in irreparable harm. *Hamilton v. Williams*, 237 Ill. App. 3d 765, 776 (1992). To determine whether a trial court's order constitutes an injunction for the purpose of Rule 307(a)(1), the appellate court will look to the substance of the trial court's order, rather than its form, and will broadly construe the meaning of the term "injunction." *Minor*, 127 Ill. 2d at 260-61; *Zitella*, 2018 IL App (2d) 160702, ¶ 14. Thus, a trial court's order that has the force and effect of an injunction is appealable under Rule 307(a)(1), even if that order is labeled something other than an injunction. *Minor*, 127 Ill. 2d at 260.

6

¶ 15    In general, an injunction is a judicial ruling requiring a party to do, or to refrain from doing, a particular thing. See *Zitella*, 2018 IL App (2d) 160702, ¶ 14. Not every order containing such a requirement, however, is considered to be an injunction for the purpose of Rule 307(a)(1). *Minor*, 127 Ill. 2d at 261-62; *Zitella*, 2018 IL App (2d) 160702, ¶ 14. To the contrary, ministerial or administrative orders that regulate only the procedural details of litigation before the court are not considered to be injunctive rulings and are not appealable under Rule 307(a)(1). *Minor*, 127 Ill. 2d at 262; *Zitella*, 2018 IL App (2d) 160702, ¶ 14. Examples of those types of ministerial or administrative orders include subpoenas, discovery orders, and orders relating to the trial court's control of its docket. *Zitella*, 2018 IL App (2d) 160702, ¶ 14. Such orders are deemed to be noninjunctive and are not appealable under Rule 307(a)(1) because they do not form a part of the power traditionally reserved to courts of equity and are, instead, part of the inherent power possessed by any court to compel the appearance of witnesses, to regulate their testimony, and to control the court's own docket. See *Minor*, 127 Ill. 2d at 262; *Zitella*, 2018 IL App (2d) 160702, ¶ 14. Those types of trial court orders do not affect the relationship of the parties in their everyday activities outside of the litigation and are distinguishable on that basis, therefore, from traditional forms of injunctive relief. *Minor*, 127 Ill. 2d at 262; *Zitella*, 2018 IL App (2d) 160702, ¶ 14.

¶ 16    In the present case, after reviewing the record, the specific order at issue, and the prior orders that came before it, we find that appellate jurisdiction is indeed lacking in this case. As plaintiff correctly notes, the trial court's order directing defendant to sign the appraisal contract was ministerial in nature, regulated only the procedural details of the litigation relating to discovery, and had no effect on the relationship of the parties in their everyday activities outside of the litigation. Thus, the November 2022 order was not an injunctive order and was not

7

appealable under Rule 307(a)(1). See *Minor*, 127 Ill. 2d at 262; *Zitella*, 2018 IL App (2d) 160702, ¶ 14; *Hamilton*, 237 Ill. App. 3d at 779 (finding that a trial court's order directing the parties to submit an appraisal and arbitration plan was not an injunctive order that could be challenged in a Rule 307(a)(1) appeal). Defendant's appeal, therefore, must be dismissed. See *Archer Daniels Midland Co.*, 103 Ill. 2d at 539. Contrary to defendant's assertion on appeal, we are not persuaded that a different result should be reached in this case merely because the trial court's order required defendant to sign a contract with a third party (the appraiser). Defendant has not cited, and we have not found, any legal authority to support that position.

¶ 17 Because we have determined that appellate jurisdiction is lacking in this case, we do not reach the merits of the issue raised by defendant on appeal. We also do not address the validity of the prior orders that were cited by defendant. The prior orders were entered more than 30 days before the notice of appeal was filed in this case and do not provide any type of injunctive relief to plaintiff that could separately give rise to a Rule 307(a)(1) interlocutory appeal.

¶ 18                                    III. CONCLUSION

¶ 19 For the foregoing reasons, we dismiss defendant's appeal for lack of appellate jurisdiction.

¶ 20 Appeal dismissed.